UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**Robert R. Mosley,**

                                **Plaintiff,**

                                **-v-**                        **7:10-CV-973 (NAM/GHL)**

**Department of the Navy, Board for Correction of
Naval Records,**

                                **Defendant.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:

Robert R. Mosley, 09-A-0631
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, New York 12831
Plaintiff, *pro se*

Office of the United States Attorney
Charles E. Roberts, Esq., Assistant United States Attorney
P.O. Box 7198
100 South Clinton Street
Attorney for Defendants.

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

In his *pro se* amended complaint (Dkt. No. 28), plaintiff asks the Court to compel

defendant, the Board for Correction of Naval Records ("BCNR"), "to upgrade/correct plaintiff's

1986 military discharge." Defendant moves (Dkt. No. 29) to dismiss under Fed. R. Civ. P.

12(b)(6) on the ground that the action is barred by the statute of limitations. As set forth below,

the Court denies the motion.

Plaintiff, currently an inmate in the custody of the New York State Department of

Correctional Services, asks for mandamus and an injunction compelling defendant to "correct and upgrade [his] military records and change his discharge from other than honorable conditions to honorable conditions." Plaintiff enlisted in the United States Navy on August 27, 1984. On April 1, 1986, he was discharged "Under Other than Honorable Conditions." On November 27, 2002, plaintiff applied to defendant for correction of the military record to have his discharge upgraded to honorable. The BCNR denied the application by letter dated June 2, 2003, summarizing plaintiff's naval record and the documents he submitted in support of his application and addressing mitigating factors. Defendant advised plaintiff: "You are entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not previously considered by the Board."

Plaintiff made a second application in 2006, which was rejected by letter dated May 2, 2006 from the BCNR's Executive Director, W. Dean Pfeiffer, stating:

> Your current application has been carefully examined. Although at least some of the evidence you have submitted is new, it is not material. In other words, even if this information was presented to the Board, the decision would inevitably be the same. Accordingly, reconsideration is not appropriate at this time.

Plaintiff's third application, made January 13, 2010, was rejected in an identically-worded letter from W. Dean Pfeiffer, dated March 2, 2010. Plaintiff commenced the instant action on August 12, 2010. Defendant moves to dismiss the amended complaint on the ground that judicial review of the 2003 decision is time-barred.

Judicial review of an action by a federal agency such as defendant is authorized by the

Administrative Procedures Act, 5 U.S.C. § 706(2)(A).[1]  A six-year statute of limitations applies. *See* 28 U.S.C. § 2401(a).  A claim for judicial review of a BCNR decision accrues at the time of the decision, *see Blassingame v. Secretary of Navy*, 811 F.2d 65, 71 (2d Cir. 1987); thus, plaintiff's claim for direct judicial review of the initial 2003 decision is time-barred.

Plaintiff's *pro se* amended complaint may, however, reasonably be read as also seeking judicial review of the Executive Director's May 2006 and March 2010 decisions denying reconsideration.  The Executive Director held that "at least some of the evidence [plaintiff] ... submitted is new," but denied reconsideration on the ground that the new evidence was not material and would not warrant a different outcome.  Where an administrative body denies an application to reconsider based on new evidence, the lawfulness of the denial itself is subject to judicial review.  *See Interstate Commerce Comm'n v. Brotherhood of Locomotive Eng'rs* ("*ICC*"), 482 U.S. 270, 279 (1987) (discussing judicial review of Interstate Commerce Commission decision).  The *ICC* court observed that a contrary rule would deprive the applicant of "all opportunity for judicial consideration ... of facts which, through no fault of his own, the original proceeding did not contain." *Id.*  The Third Circuit applied the *ICC* rationale in holding that an Army veteran's claim for judicial review accrued on the date the Army Board for Correction of Military Records ("ABCMR") denied his application for reconsideration based on new evidence, not on the date of the underlying ABCMR decision denying his request to correct his record. *See Green v. White*, 319 F.3d 560, 566-68 (3d Cir. 2003); *but see Soble v. Army Bd. of Correction*, 151 F.3d 1033 (Table), 1998 WL 516770, *1-2 (7th Cir. Jul. 30, 1998).  The Fifth

---

[1] 5 U.S.C. § 706(2)(A) provides: "The reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"

Circuit, distinguishing *Green*, held that the limitations period was not "restarted" on the date of the second decision of the Air Force Board for Correction of Military Records refusing to alter the veteran's record, where the second application "does not show changed circumstances, nor any additional information that was not available when [plaintiff] first filed." *Lee v. Wynne*, 384 Fed.Appx. 431, 433 (5th Cir. July 7, 2010). *See also Sendra Corp. v. Magaw*, 111 F.3d 162, 166-67 (D.C.Cir. 1997) (reviewing a decision of the Bureau of Alcohol, Tobacco and Firearms; stating: "An agency's denial of a petition, or a request, for reconsideration is not itself subject to judicial review if the petition alleges only 'material error' in the agency's original decision.... On the other hand, if an agency denies a petition for reconsideration alleging 'new evidence' or 'changed circumstances,' the agency's denial is reviewable as a final agency action[.]"); *Consolidated Fibers, Inc. v. United States*, 535 F.Supp.2d 1345, 1351 (CIT 2008) (stating International Trade Commission's denial of a request to reconsider is unreviewable unless the request is based on new evidence, in which case the court has jurisdiction to review the denial for abuse of discretion).

Defendant here contends that the BCNR did not "reopen" administrative review and thus its 2006 and 2010 rulings did not affect the running of the limitations period.[2] It is true that the BCNR did not directly revisit its 2003 decision. The BCNR did, however through its Executive Director, make substantive rulings in 2006 and 2010 that the new evidence submitted by plaintiff was not material and would not alter the 2003 decision. It is these limited rulings that are

---

[2] Defendant argues that plaintiff's 2006 and 2010 applications "that were rejected without Board consideration had no effect on the statute of limitations." To the extent that this argument is based on the fact that the Executive Director – not the BCNR – made the determinations that the new evidence was not material and would not warrant a different outcome, it is arguable that the Executive Director was not properly authorized to make this determination. *See discussion of Lipsman* and *Schmidt, infra*.

reviewable. Accordingly, plaintiff's claims for judicial review of defendant's denial of his 2006 and 2010 applications accrued on the dates the 2006 and 2010 decisions were issued. The question brought up for review is not whether the underlying 2003 decision was correct, but rather whether the 2006 and 2010 refusals to reconsider in light of the new evidence were arbitrary, capricious, or an abuse of discretion. Judicial review of the 2006 and 2010 decisions is not time-barred. Defendant raises no other issue in support of dismissal. The dismissal motion is denied.

In compliance with its obligation to read plaintiff's *pro se* pleading liberally and interpret it "to raise the strongest arguments that [it] suggest[s]," *see McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999), the Court reads plaintiff's amended complaint as also challenging the reconsideration procedure itself. The statute giving the Secretary of the Navy the authority to promulgate the applicable regulation is 10 U.S.C. § 1552, "Correction of military records: claims incident thereto," which provides in pertinent part:

> (a) (1) The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. Except as provided in paragraph (2),[3] <u>such corrections shall be made by the Secretary acting through boards of civilians</u> of the executive part of that military department....
> \*\*\*
> (3) Corrections under this section shall be made under procedures established by the Secretary concerned. In the case of the Secretary of a military department, those procedures must be approved by the Secretary of Defense.

(Emphasis added.) Pursuant to section 1552(a)(1), the Secretary of the Navy promulgated 32 CFR Part 723, "Board for Correction of Naval Records." The regulation applicable to

---

[3] The exceptions in paragraph (2) do not apply in the instant case.

reconsideration of the BCNR's determinations, 32 CFR 723.9, "Reconsideration," provides in full:

> After final adjudication, further consideration will be granted only upon presentation by the applicant of new and material evidence or other matter not previously considered by the Board. New evidence is defined as evidence not previously considered by the Board and not reasonably available to the applicant at the time of the previous application. Evidence is material if it is likely to have a substantial effect on the outcome. <u>All requests for further consideration will be initially screened by the Executive Director of the Board to determine whether new and material evidence or other matter (including, but not limited to, any factual allegations or arguments why the relief should be granted) has been submitted by the applicant</u>. If such evidence or other matter has been submitted, the request shall be forwarded to the Board for a decision. If no such evidence or other matter has been submitted, the applicant will be informed that his/her request was not considered by the Board because it did not contain new and material evidence or other matter.

(Emphasis added.) Thus, the regulation provides that, on a reconsideration application, the BCNR's Executive Director – not the BCNR – determines not only whether there is new evidence, but also whether it is material. No case has directly addressed the issue of whether the Secretary of the Navy has the power under section 1552(a)(1) to permit the BCNR's director – rather than the BCNR itself – to determine whether new evidence in a reconsideration application is "material." A similar reconsideration regulation promulgated by the Secretary of the Army has, however, been struck down by a district court on the ground that, in enacting section 1552(a)(1), Congress intended that the ABCMR, and not the ABCMR's staff, be the only entity authorized to make substantive determinations on reconsideration requests. *See Lipsman v. Secretary of the Army*, 335 F.Supp.2d 48, 54 (D.D.C. 2004) (holding that under 10 U.S.C. § 1552(a)(1), "the Secretary [of the Army is] bound to act through the [ABCMR], not its staff members, when

evaluating the merits of requests for reconsideration)[4]; *see also Lassalle v. Geren*, 2007 WL 1238871, *5 (D.D.C. 2007).  In *dicta*, a federal claims court suggested that the reasoning of the *Lipsman* decision may apply to the Navy regulation.  *See Schmidt v. United States*, 89 Fed.Cl. 111, 124 (Fed.Cl. 2009).[5]  The Court does not decide this issue here; however, a challenge to the 2006 and 2010 decisions, on the ground that they were made pursuant to an unauthorized procedure, accrued at the time of those decisions and is not time-barred.

It is therefore

ORDERED that the motion (Dkt. No. 29) to dismiss the amended complaint is denied.

IT IS SO ORDERED.

Date:   August 18, 2011
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

[4] The regulation in issue in *Lipsman*, A.R. 15-185 § 2-15(b) (Feb. 29, 2000) set out the Army's procedure for evaluating reconsideration requests either (1) submitted one year after the original action of the ABCMR, or (2) in cases where the ABCMR has already considered one reconsideration request. It provided:
> [T]he ABCMR staff will review the request to determine if substantial relevant evidence is submitted showing fraud, mistake of law, mathematical miscalculation, manifest error, or the existence of substantial relevant new evidence discovered contemporaneously or within a short time after the ABCMR's original consideration. If the ABCMR staff finds such evidence, it will be submitted to the ABCMR for its determination of whether a material error or injustice exists and the proper remedy. If the ABCMR staff does not find such evidence, the application will be returned to the applicant without action.

The regulation was subsequently amended.  It now provides that the ABCMR staff will review a reconsideration request "to determine if it contains evidence ... that was not in the record at the time of the ABCMR's prior consideration.  If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice." 32 CFR § 581.3(g)(4)(i).

[5] The Court of Federal Claims in *Schmidt* recognized that it lacked jurisdiction to address the question and transferred the case to district court.  It does not appear that a district court decision has been published in the case.