UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Robert R. Mosley,**

**Plaintiff,**

        **-v-**                                        **7:10-CV-973 (NAM/GHL)**

**Department of the Navy, Board for Correction of
Naval Records,**

**Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Robert R. Mosley
Plaintiff, *pro se*

Office of the United States Attorney
Charles E. Roberts, Esq., Assistant United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198
Attorney for Defendants.

**Norman A. Mordue, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

In this *pro se* action, plaintiff asks the Court to review administrative actions by

defendant, the Board for Correction of Naval Records ("BCNR"), and to compel the BCNR to

"correct and upgrade [his] military records and change his discharge from other than honorable

conditions to honorable conditions."  Defendant moved (Dkt. No. 29) to dismiss the amended

complaint (Dkt. No. 28) as time-barred, on the ground that its denial of plaintiff's application to

upgrade his status was issued in 2003.  This Court denied the motion (Dkt. No. 57), finding that

the amended complaint could reasonably be read as including a request for judicial review of the

BCNR Executive Director's 2006 and 2010 decisions denying plaintiff's applications for

reconsideration.

Thereafter, defendant moved (Dkt. No. 62) to remand the matter to the BCNR.  On December 5, 2011 this Court issued a Memorandum-Decision and Order (Dkt. No. 85) denying the motion for remand unless, within 15 days, defendant notified plaintiff and the Court that it conceded one (or both) of the following points:

1.     the reconsideration procedure in 32 CFR 723.9 was not authorized because, under 10 U.S.C. § 1552, only the BCNR is authorized to determine whether reconsideration applications contain new, material evidence or other matter warranting reconsideration, and thus the 2006 and 2010 determinations are vacated and plaintiff's applications shall be forwarded to the BCNR for decision whether the reconsideration applications contain new, material evidence or other matter warranting reconsideration; or

2.     plaintiff's applications contain new, material evidence or other matter warranting reconsideration, and thus the 2006 and 2010 determinations are vacated and plaintiff's applications shall be forwarded to the BCNR for decision on the merits.

The Court has held in abeyance all other pending motions and requests  (Dkt. Nos. 59, 66, 67, 70, 73, 74, 76, 82, and 83).

On December 20, 2011, defendant submitted a status report (Dkt. No. 88) advising that "defendant will concede point number 2 in that 'plaintiff's applications contain new, material evidence or other matter warranting reconsideration, and thus the 2006 and 2010 determinations are vacated and plaintiff's applications shall be forwarded to the BCNR for decision on the merits.'"  Based on this concession, the Court grants defendant's motion for remand.  The Court grants plaintiff's summary judgment motion (Dkt. No. 66) only to the extent of vacating the 2006 and 2010 determinations and directing that plaintiff's applications be forwarded to the BCNR for decision on the merits in accordance with defendant's status report (Dkt. No. 88).  Plaintiff's summary judgment motion is otherwise denied.

As a result of the vacatur of the 2006 and 2010 determinations and the remand to the BCNR, plaintiff has received all of the relief to which he is entitled in this action.  After the BCNR issues its rulings on the merits of his 2006 and 2010 applications, and after exhausting any available administrative remedies, if plaintiff wishes to obtain judicial review of the rulings, he must begin a new lawsuit.

It is therefore

ORDERED that defendant's motion for remand (Dkt. No. 62) is granted  as set forth below, based on defendant's concession in its status report (Dkt. No. 88); and it is further

ORDERED that plaintiff's 2006 and 2010 applications contain new, material evidence or other matter warranting reconsideration, and thus the 2006 and 2010 determinations are vacated and the applications shall be forwarded to the BCNR for decision on the merits; and it is further

ORDERED that plaintiff's motion (Dkt. No. 66) for summary judgment is granted only to the extent of vacating the 2006 and 2010 determinations and directing that the applications be forwarded to the BCNR for decision on the merits in accordance with defendant's status report (Dkt. No. 88); and the summary judgment motion is otherwise denied; and it is further

ORDERED that plaintiff's letter motion (Dkt. No. 82) is denied; and it is further

ORDERED that all other pending motions and requests (Dkt. Nos. 59, 67, 70, 73, 74, 76, and 83) are denied as moot; and it is further

ORDERED that this case is closed.

IT IS SO ORDERED.

Date:   December 29, 2011
Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge

-3-